UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICK K. WINSTON,

               Petitioner,

     v.

E. SILVA, et al.,

               Respondents.

Case No. 25-cv-10330-NW

**ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS, DISMISSING WITHOUT PREJUDICE FOR LACK OF EXHAUSTION**

Re: ECF No. 2

Petitioner Erick K. Winston, a state prisoner, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, raising several claims related to his no contest plea in Alameda County Superior Court. *See* ECF No. 1. Winston also filed a motion for leave to proceed *in forma pauperis*, which the Court **DENIES** as moot given its finding that this matter must be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

## I. BACKGROUND

Winston alleges that he was charged with assault with force to cause great bodily injury on an officer in connection with an incident that occurred at Santa Rita Jail in 2019. Winston alleges that the incident occurred while he was in a psychotic state and, accordingly, he should not have been charged. He also alleges that he received ineffective assistance of trial counsel, and that the victim never provided evidence of the severity of his injuries prior to Winston's plea of no contest.

## II. LEGAL STANDARD

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ

should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. If it appears plainly from the petition that the petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a responsive pleading. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## III.    DISCUSSION

Even assuming that Winston's allegations give rise to cognizable habeas claims, the face of the petition shows that the claims are entirely unexhausted. *See* ECF No. 1 at 2–3. In his petition, Winston states that he has not sought appellate or post-conviction relief in any court except this Court. *Id.* (answering "no" to questions asking whether Winston appealed his conviction or filed any "petitions, applications or motions with respect to this conviction in any court, state or federal."); *id.* at 4 (noting that no post-conviction proceedings are currently pending in any court). A search of the California Supreme Court's docket also shows that Winston has not filed any cases there.[1]

Prisoners in state custody who want to collaterally challenge in federal habeas proceedings the fact or length of their confinement are required to first exhaust state judicial remedies; they must do so either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted). If it is clear from the face of the petition that the claims are unexhausted, a federal court may raise the issue of non-exhaustion *sua sponte* and summarily dismiss the petition. *See Boyd v. Thompson*, 147 F.3d 1124, 1127–28 (9th Cir. 1998).

---

[1] The Court takes judicial notice of the California Supreme Court's electronic appellate court docket for "Erick Winston." *See* California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (last accessed February 19, 2026); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

United States District Court
Northern District of California

A fully unexhausted federal habeas petition may not be stayed, it must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions [. . . . and] may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "[*Rhines v. Weber*, 544 U.S. 269 (2005)] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [the petitioner's] claims were exhausted").

## IV.    CONCLUSION

As the face of the petition shows that Winston's claims have not been exhausted, the Court **DISMISSES** the petition without prejudice to Winston re-filing once his claims have been exhausted in state court.

The federal rules governing habeas cases brought by state prisoners also require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases. For the reasons stated above, Winston has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is **DENIED**. If he wishes to appeal, Winston may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Noël Wise
United States District Judge